**In re Robert ANDRES, Esq.**

[749 A.2d 618]

No. 99-532

February 8, 2000. Pursuant to the recommendation of the Professional Conduct Board filed December 3, 1999, and ap-

proval thereof, it is hereby ordered that Robert Andres, Esq. be publicly reprimanded for the reasons set forth in the Board's report attached hereto for publication as part of the order of this Court. A.O. 9, Rule 8E.

## FINAL REPORT TO THE SUPREME COURT

This matter was submitted to the Professional Conduct Board by stipulation. A hearing before this Board was held on October 1, 1999. The Office of Bar Counsel was represented by Michael Kennedy, Esq., deputy bar counsel. The respondent, Robert Andres, Esq., did not appear nor communicate with the Board as to the reason for his absence.*

After hearing the presentation by deputy bar counsel and reviewing the stipulated documents, we find that respondent was admitted to practice law in Vermont in 1983 and is currently licensed to practice law here. We make the following findings of fact, draw the following conclusions of law, and recommend that the Vermont Supreme Court impose a public reprimand.

### PCB File No. 95.66

Respondent represented K.L., who was charged in 1994 with driving while intoxicated. Respondent represented this client in both the civil suspension and the criminal aspects of this case.

In August of 1994, the court ruled against K.L. in a civil suspension hearing. Later that month, the respondent injured his neck and was unable to attend to all aspects of his practice for several weeks. Nevertheless, on August 31, 1994, respondent filed an appeal of the ruling in the civil suspension hearing.

Over the course of the next several months, however, respondent neglected

this case. He failed to order the transcript of the civil suspension hearing and did not pay the filing fee until late October. K.L. did not reimburse the respondent's office the cost of the filing fee, and respondent took no further steps at that time to file a docketing statement or order a transcript of the civil suspension hearing.

On December 2, 1994, the Supreme Court issued an order requiring that a docketing statement be filed, that a transcript be ordered, or that a statement be filed stating that no transcript would be ordered. All of this was to be accomplished by December 15. The order stated that failure to comply with the order might result in the appeal being dismissed.

Respondent promptly informed K.L. of this order by letter dated December 6, 1994. He told her that she had to provide him with money to order the transcript or the appeal would be dismissed.

Two days before the deadline, K.L.'s husband gave respondent a check for $150.00 to pay for the transcript. Respondent then completed a transcript order but did not include the proper date of the hearing nor the necessary fee so that the transcript could be prepared. More importantly, he failed to file the transcript order with the Supreme Court as required by its December 2 order. Accordingly, on December 28, the Supreme Court dismissed K.L.'s appeal.

Respondent did not tell K.L. that the appeal had been dismissed. K.L. learned of the dismissal when she called the Court in February of 1995, seeking an update on the case. K.L. subsequently moved to reopen the appeal, but the motion was denied.

K.L. filed a small claims case against the respondent in which she sought to recover legal fees paid to the respondent as well as compensatory and punitive damages. The court found that respondent's failure to effectively order the transcripts resulted in the dismissal of

---

*By letter dated August 24, 1999, the parties were notified that oral argument was scheduled for October 1, 1999.

K.L.'s appeal and ordered respondent to pay K.L. $788.32 in damages, interests, and costs.

Respondent's neglect of K.L.'s appeal and his failure to inform his client when the appeal was dismissed constituted a violation of DR 6-101(A)(3), which provides that a lawyer shall not "neglect a legal matter entrusted to him." By essentially abandoning this client's case, respondent caused his client to lose her right to pursue an appeal of an adverse decision. Respondent's lack of diligence thereby caused injury to his client.

### PCB File No. 98.08

On April 18, 1996, the respondent entered an appearance on behalf of defendant Raymond Gale in the matter of *Hoburn v. Gale*, 92-3-96 FrDm. The case was one in which Mr. Gale was being sued for child support.

On May 29, the court scheduled a settlement conference for June 26. On June 5, respondent moved to continue this settlement conference. Respondent did not inform his client that a settlement conference had been set for June 26 or that he had moved to continue it.

The motion to continue was granted by court order of June 6, 1996. In that same order, the court set the matter for a case manager's conference on July 11. The court sent a copy of this order to respondent. Respondent did not inform his client that a case manager's conference had been scheduled for July 11. Neither the respondent nor Mr. Gale appeared at the case manager's conference.

The court then scheduled a hearing to establish child support for August 22, 1996. Respondent did not tell Mr. Gale that this hearing had been set. On July 19, 1996, respondent moved to continue this hearing. Respondent did not inform his client of this motion.

On August 14, 1996, a settlement conference was held. Respondent appeared but his client did not because respondent had failed to inform him that a settlement conference had been scheduled.

On September 26, 1996, the court scheduled a hearing to establish child support for October 17, 1996. Again, respondent failed to inform his client of a scheduled hearing.

In early October 1996, the plaintiff called Mr. Gale's wife and told her that a hearing to establish child support had been set for October 17, 1996. Mr. Gale's wife called respondent's office and spoke to a secretary who told Mrs. Gale that respondent would file a motion to continue the October 17 hearing because respondent was unable to attend. The secretary also told Mrs. Gale that a hearing would not be necessary if Mr. Gale completed a particular form used by the family court.

Mr. Gale did not complete the form that would have obviated the need for a hearing. Respondent did not file a motion to continue the hearing.

The court held the hearing on October 17, 1996. Respondent did not appear although Mr. Gale did. Mr. Gale fired respondent and settled the case on his own.

As early as May of 1996, Mr. Gale was ready to proceed to a final hearing to determine the amount he would owe in child support, except he had not filled out a form that was required by the family court despite being advised to do so by the respondent.

We conclude that respondent violated DR 6-101(A)(3)(neglecting a legal matter entrusted to him). Rather than diligently pursue the case, the respondent filed a series of motions to continue various hearings without even informing his client as to the fact that a hearing had been scheduled, that a motion to continue had been filed, or the reason why respondent wanted the matter continued. Respondent's failure to inform Mr. Gale that a final hearing had been scheduled was inexcusable.

### PCB File No. 99.02

In the Spring of 1998, the respondent was in a local bar with some friends. The respondent represents the bar in various legal matters. One Jeff Sullender entered the bar and began speaking with the respondent and his friends.

Respondent had previously represented Mr. Sullender in a case in which Mr. Sullender had been charged with various criminal offenses. Mr. Sullender never paid the respondent for the services he had rendered.

Respondent told Mr. Sullender that he did not want anything to do with him. Mr. Sullender responded by stating that he was insulted. The respondent said that he did not care, told Mr. Sullender that he was not interested in hanging around with him, and reminded Mr. Sullender that he owed him money. Mr. Sullender became angry at the mention of the unpaid bill, confronted respondent, and was forced to leave the bar.

On June 24, 1998, respondent was in a tavern in Winooski owned by one of his clients. Mr. Sullender entered the tavern with two other men. One of the men was a client of respondent's.

Respondent got up to leave. As he was leaving, Mr. Sullender said that friends of the respondent had threatened to kill him and that it was respondent's fault that they had made the threat. Respondent stated that he did not know anything about the alleged threats. Mr. Sullender responded by using abusive language to which respondent responded in kind. Respondent then accepted Mr. Sullender's invitation to step outside to fight.

A mutual friend attempted in vain to stop the fight. Mr. Sullender punched the respondent in the face. Respondent punched him back. A melee ensued. One of Mr. Sullender's friends joined in. Respondent and Mr. Sullender traded punches. Eventually, the police arrived and broke up the fight.

Respondent was charged with simple assault. He eventually pled guilty to the lesser offense of simple assault by mutual affray.

DR 1-102(A)(3) provides that it is unethical for an attorney to engage in certain types of criminal conduct. While street fighting is not the sort of criminal conduct envisioned by that rule, respondent's criminal conduct here demonstrates a lack of judgment, control, maturity, and good sense which adversely reflects on his reputation as a member of the bar. This sort of criminal conduct calls into question respondent's character and his ability to abide by the law. We find that this conduct constitutes a violation of DR 1-102(A)(7)(a lawyer shall not engage in conduct that adversely reflects on his fitness to practice law).

### SANCTIONS

### PCB File No. 95.66

The applicable sections of the ABA Standards for Imposing Lawyer Sanctions to these three cases are:

1. Section 4.43 which states that a "[r]eprimand is generally appropriate when a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client";

2. Section 4.63 which states that a "[r]eprimand is generally appropriate when a lawyer negligently fails to provide a client with accurate or complete information, and causes injury or potential injury to the client"; and

3. Section 7.3 which states that a "[r]eprimand is generally appropriate when a lawyer engages in conduct that is a violation of a duty owed to the profession and causes injury or potential injury to a client, the public, or the legal system."

In addition to these standards, we consider as aggravating factors the fact that there are multiple offenses here and the

fact that respondent had substantial experience in the practice of law. In mitigation, we note that respondent does not have a prior disciplinary record and that he did not have a dishonest or selfish motive when committing these ethical violations. We also understand that he cooperated with bar counsel.

Although respondent suffered a neck injury in August of 1994 and missed several weeks of work, we do not have sufficient evidence before us on this matter to conclude that this was a personal problem which would constitute a mitigating factor in the K.L. case. It does not explain his neglectful behavior in December of 1994 in regard to the K.L. appeal and appears irrelevant to the Gale case and to the Sullender fight.

Because respondent failed to provide any additional comment at the hearing before us and because the stipulated facts provide no reason for respondent's neglectful behavior in the K.L. and Gale cases, it is difficult to determine if the neglect here was aberrational and unlikely to be repeated. There appears to have been a pattern of neglect, particularly in the Gale case. Nevertheless, since the incidents of neglect occurred several years ago and there have been no other cases of neglect brought to our attention since, we recommend that a public reprimand issue.